```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**STEVEN W. LONG,**

               **Petitioner,**

        **v.**                                **CASE NO. 11-3120-SAC**

**STATE OF KANSAS,**
**et al.,**

               **Respondents.**

<u>**O R D E R**</u>

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Larned Correctional Mental Health Facility, Larned, Kansas. Mr. Long was convicted upon trial by jury in Sedgwick County District Court, Wichita, Kansas, of aggravated burglary and misdemeanor theft, and sentenced on September 30, 2005, to 136 months in prison. He appealed to the Kansas Court of Appeals (KCA), which on March 30, 2007, affirmed in part, vacated in part, and remanded with directions as to the BIDS assessment. The Kansas Supreme Court denied Long's Petition for Review on October 1, 2007.

In September, 2008, Mr. Long filed a post-conviction motion pursuant to K.S.A. 60-1507, that was denied. He appealed the denial and the KCA affirmed on January 21, 2011. The Kansas Supreme Court denied his Petition for Review on April 25, 2011.

Petitioner raises four grounds for relief. He challenges his identification by the victim, the court's failure to instruct the jury on the lesser included offense of burglary, and asserts cumulative error. Ground two in his Petition is not clear, but

involves the jury's seeming deadlock during deliberations.[1]  Mr. Long claims that he has exhausted state court remedies on all his claims.

Having examined the materials filed in this case, the court finds:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

2. petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas.

The court concludes a response to the Petition is required.

Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted based upon his Inmate Account Statement showing a current balance of less than $150.00.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED THAT:**

1. Respondents herein are hereby required to show cause within twenty (20) days from the date of this order why the writ should not

---

[1] Mr. Long is forewarned that this federal court may only consider claims that have actually been fully exhausted in state court.  If Mr. Long is attempting to assert any claim that is different from those he already presented to the Kansas Supreme Court, either by way of his direct appeal or in his state post-conviction proceedings, that claim will likely be found at some point to be unexhausted.  A federal district court must dismiss petitions that contain unexhausted claims.  In the alternative, the petitioner may be given the option of voluntarily dismissing the unexhausted claim(s) and proceeding only upon his claims that have been exhausted.  The matter is complicated by the fact that there is a one-year statute of limitations applicable to federal habeas corpus petitions, and several months of the limitations period have already expired in this case.  This time limit is tolled during the pendency of state post-conviction proceedings; however, it is not tolled during the time a federal habeas corpus action is pending.  If this action is dismissed at some future date because the federal petition contains an unexhausted claim, the statute of limitations may have fully expired and as a result petitioner may be time-barred from filing a subsequent petition after he has exhausted state remedies on all claims.

be granted.

    2. The response should present:

        (a) the necessity for an evidentiary hearing on each of the grounds alleged in petitioner's pleadings; and

        (b) an analysis of each of said grounds and any cases and supporting documents relied upon by respondents in opposition to the same.

    3. Respondents shall cause to be forwarded to this court for examination and review the following:

        the records and transcripts, if available, of the criminal proceedings complained of by petitioner, if a direct appeal of the judgment and sentence of the trial court was taken by petitioner, respondents shall furnish the records, or copies thereof, of the appeal proceedings.

Upon termination of the proceedings herein, the clerk of this court will return to the clerk of the proper state court all such state court records and transcripts.

    4. The petitioner is granted ten (10) days after receipt by him of a copy of the respondents' answer and return to file a traverse thereto, admitting or denying under oath all factual allegations therein contained.

    5. The clerk of this court then return this file to the undersigned judge for such other and further proceedings as may be appropriate; and that the clerk of this court transmit copies of this order to petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

Dated this 19th day of July, 2011, at Topeka, Kansas.

<u>s/Sam A. Crow</u><br>
U. S. Senior District Judge